UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

CHAMBERS OF
TIMOTHY J. SULLIVAN
UNITED STATES MAGISTRATE JUDGE

6500 Cherrywood Lane
Greenbelt, Maryland 20770
Telephone: (301) 344-3593

January 26, 2022

LETTER TO COUNSEL:

    RE:    *Garrick P. v. Kilolo Kijakazi, Acting Commissioner of Social Security*
             Civil No. TJS-21-0346

Dear Counsel:

On February 11, 2021, Plaintiff Garrick P. petitioned this Court to review the Social Security Administration's final decision to deny his claims for disability insurance benefits ("DIB") and supplemental security income ("SSI"). ECF No. 1. The parties have filed cross-motions for summary judgment. ECF Nos. 13 & 14. These motions have been referred to the undersigned with the parties' consent pursuant to 28 U.S.C. § 636 and Local Rule 301.[1] Having considered the submissions of the parties, I find that no hearing is necessary. *See* Loc. R. 105.6. This Court must uphold the decision of the agency if it is supported by substantial evidence and if the agency employed the proper legal standards. 42 U.S.C. §§ 405(g), 1383(c)(3); *Mascio v. Colvin*, 780 F.3d 632, 634 (4th Cir. 2015). Following its review, this Court may affirm, modify, or reverse the Commissioner, with or without a remand. *See* 42 U.S.C. § 405(g); *Melkonyan v. Sullivan*, 501 U.S. 89 (1991). Under that standard, I will grant the Acting Commissioner's motion and deny the Plaintiff's motion. This letter explains my rationale.

Garrick P. filed his applications for disability benefits on August 27, 2018. Tr. 896. He alleged a disability onset date of August 9, 2018. *Id.* His applications were denied initially and upon reconsideration. *Id.* Garrick P. requested an administrative hearing and a hearing was held on May 6, 2020, before an Administrative Law Judge ("ALJ"). *See id.* In a written decision dated May 29, 2020, the ALJ found that Garrick P. was not disabled under the Social Security Act. Tr. 896-908. The Appeals Council denied Garrick P.'s request for review, making the ALJ's decision the final, reviewable decision of the agency. Tr. 1-6.

The ALJ evaluated Garrick P.'s claim for benefits using the five-step sequential evaluation process set forth in 20 C.F.R.§§ 404.1520, 416.920. At step one, the ALJ found that Garrick P. has not engaged in substantial gainful activity since August 9, 2018, the alleged onset date. Tr. 898. At step two, the ALJ found that Garrick P. suffers from the following severe impairments: status-post vein angioplasty, chronic pain syndrome, unspecified depressive disorder, and antisocial personality disorder. *Id.* At step three, the ALJ found Garrick P.'s impairments, separately and in combination, do not meet or equal in severity any listed impairment as set forth in 20 C.F.R.,

---

[1] This case was originally assigned to Judge Boardman. On June 30, 2021, it was reassigned to Judge Coulson. On December 31, 2021, it was reassigned to me.

Chapter III, Pt. 404, Subpart P, App. 1 ("Listings"). Tr. 899. The ALJ determined that Garrick P. retains the residual functional capacity ("RFC") to:

> perform medium work as defined in 20 CFR 404.1567(c) and 416.967(c) except never climb ladders, ropes, or scaffolds; never be exposed to extreme cold/wetness/vibrations and hazards such as dangerous moving machinery and unprotected heights; can understand, remember and carry out simple instructions and make simple work related decisions. Can work at a consistent pace throughout the workday but not at a production rate pace such as on an assembly line or work involving monthly or hourly quotas. Can tolerate occasional interaction with coworkers and supervisors and the public. Can tolerate occasional changes in work setting.

Tr. 901.

At step four, the ALJ determined that Garrick P. is capable of performing past relevant work as an industrial cleaner. Tr. 905. Alternatively, at step five, relying on testimony provided by a vocational expert ("VE"), and considering the claimant's age, education, work experience, and RFC, the ALJ determined that there are jobs that exist in significant numbers in the national economy that Garrick P. can perform, including caretaker, waxer, and laundry laborer. Tr. 907. Accordingly, the ALJ found that Garrick P. was not disabled under the Social Security Act. Tr. 908.

Garrick P. argues that this case must be remanded for further proceedings because (1) the Appeals Council ignored substantial evidence submitted after the ALJ rendered her decision; (2) the ALJ improperly rejected a medical opinion that Garrick P. requires the use of a cane; and (3) the ALJ improperly found that Garrick P. can perform past relevant work. These arguments are meritless.

Garrick P. argues that the Appeals Council ignored substantial evidence that he submitted after the ALJ rendered her decision, but before the Appeals Council rendered its decision. ECF No. 13-1 at 4. He argues that the Appeals Council ignored evidence of Garrick P.'s September 2020 stroke, which has required him to reside in a nursing home since that time. *Id.* When a claimant requests that the Appeals Council review an adverse decision, the Appeals Council will review the case if, among other reasons, the Appeals Council receives "additional evidence that is new, material, and relates to the period on or before the date of the hearing decision, and there is a reasonable probability that the additional evidence would change the outcome of the decision." 20 C.F.R. §§ 404.970(a)(5), 416.1470(a)(5). In this case, the ALJ's decision is dated May 29, 2020. Tr. 908. The evidence that Garrick P. complains was ignored by the Appeals Council concerns a stroke that he suffered in September 2020, months after the ALJ rendered her decision. *See* ECF No. 13-1 at 4. Because the evidence does not relate "to the period on or before the date of the hearing decision," the Appeals Council was not required to consider the new evidence. Garrick P. goes on to argue that even if the Appeals Council did not consider the new evidence material, it was nonetheless required to acknowledge the existence of the evidence. *Id.* at 5. This is not so. *See Meyer v. Astrue*, 662 F.3d 700, 705-06 (4th Cir. 2011) ("[T]he regulations do not require the

2

Appeals Council to articulate its rationale for denying a request for review."). For these reasons, Garrick P.'s first argument is not persuasive.

Next, Garrick P. argues that the ALJ did not properly evaluate the medical opinions in the record. ECF No. 13-1 at 6. Specifically, Garrick P. argues that the ALJ should have credited the opinion of Dr. Yasmeen Ahmed that Garrick P. "required the use of a cane." *Id.* For claims filed on or after March 27, 2017, an ALJ does not "defer or give any specific evidentiary weight, including controlling weight, to any medical opinion(s) or prior administrative medical finding(s)," including those from a claimant's medical source. 20 C.F.R. §§ 404.1520c(a), 416.920c(a). Instead, the ALJ considers medical opinions and prior administrative medical findings using five factors: (1) supportability; (2) consistency; (3) the medical source's relationship with the claimant; (4) the medical source's specialization; and (5) other factors, such as the medical source's familiarity with other evidence in the claim, and understanding of the disability program's policies and evidentiary requirements. *Id.* §§ 404.1520c(c), 416.920c(c). The first two factors, supportability and consistency, are the most important in determining the persuasiveness of a medical source's opinion. *Id.* §§ 404.1520c(a), 416.920c(a). The ALJ is not required to explain the consideration of the other three factors. *Id.* §§ 404.1520c(b) 416.920c(b). And the ALJ need not articulate how he or she considered each opinion or finding. *Id.*

Substantial evidence supports the ALJ's findings that Dr. Ahmed's opinion was not persuasive and that Garrick P. does not require the use of a cane to walk. The ALJ noted that Dr. Ahmed's opinion that, among other things, Garrick P. required a cane to walk was "completed a few days after surgery on the claimant's right leg and is persuasive as to that period of time." Tr. 905. But the ALJ found that Dr. Ahmed's opinion regarding Garrick P.'s need for a cane beyond the period immediately following the surgery is not supported by the evidence of record, which indicates that Garrick P. generally presented with "normal gait, reported improved leg pain, and exhibited not chronic venous obstruction or arterial insufficiency during the consultative internal medical exam." *Id.* The ALJ also noted Garrick P.'s own report that his leg pain had improved. *Id.* Accordingly, the Court rejects Garrick P.'s argument that the ALJ improperly considered the medical opinion evidence.

Garrick P.'s third argument is that the ALJ improperly concluded that Garrick P. can perform past relevant work. Garrick P. argues that there is no evidence that he ever performed substantial gainful activity as an "industrial cleaner," meaning that such a position could not qualify as past relevant work. But even assuming that his argument is correct, any error is harmless. The ALJ made alternative findings at step five that Garrick P. is able to perform other jobs that exist in significant numbers in the national economy, including caretaker, waxer, and laundry laborer. Tr. 907. Garrick P.'s argument on this point is not a basis for remand.

  For the reasons set forth herein, Garrick P.'s Motion for Summary Judgment (ECF No. 13) will be **DENIED**, and the Acting Commissioner's Motion for Summary Judgment (ECF No. 14) will be **GRANTED**. The Clerk is directed to **CLOSE** this case. Despite the informal nature of this letter, it should be flagged as an opinion. An implementing Order follows.

               Sincerely yours,

               /s/
               Timothy J. Sullivan
               United States Magistrate Judge